UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| DANIEL CODY, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-3065 |
| ) | |
| SANGAMON COUNTY *et al.*, ) | |
|     Defendants. ) | |

# OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Motion to Dismiss (Doc. 73) filed under Federal Rule of Civil Procedure ("Rule") 12(b)(6) by Defendants Larry Beck, Jack Campbell, Cody Grigsby, Kyle Meyer, Scott Meyer, Nicholas Ortega, Andrew Van Meter, Sangamon County Sheriff's Department ("Department"), and Sangamon County ("County"). Plaintiff Daniel Cody, Administrator of the Estate of Jaimeson Cody (deceased), filed a Motion for Leave to File a Response (Doc. 82).

## I.  Background

On April 27, 2021, Jaimeson Cody's mental state declined rapidly after arriving at the Sangamon County Jail ("Jail"). (Doc. 62, Pl. Compl. at 2:1.) Jaimeson was forcibly removed from his cell for a medical exam later that day. Plaintiff asserts that Jaimeson was tackled, tasered, beaten, suffocated, and deprived of medical care. Jaimeson died on April 28, 2021, of restraint asphyxia. (*Id*. at 8:30.)

In September 2022, Plaintiff filed a nine-count Second Amended Complaint alleging constitutional and state law violations against the following Defendants: County Chairman Van Meter; Sheriff Campbell; Jail Superintendent Beck; Corrections Sergeant Grigsby; Corrections Officers K. Meyer, S. Meyer, and Ortega; unknown employees; the County; and the Department. Plaintiff also alleged violations against Nurse John B. Kling and Advance Correctional Healthcare.[1]

## II. Motion to Dismiss

### A. Applicable Standard

A complaint must state a plausible claim to survive a motion to dismiss filed under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Tobey v. Chibucos*, 890 F.3d 634, 648 (7th Cir. 2018) (quoting *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012)).

The court employs a two-step process to determine whether a pleading survives a

---

[1] In February 2023, Plaintiff settled his claims against Defendants Kling and Advanced Correctional Healthcare. Therefore, the Court omits any further reference to Kling and Advanced Correctional Healthcare.

Rule 12(b)(6) motion. *See Iqbal*, 556 U.S. at 679 ("Our decision in [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)] illustrates the two-pronged approach."). Initially, pleadings alleging "no more than conclusions are not entitled to the assumption of truth." *Id*. The court then considers whether the remaining facts "'state a claim for relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). *See Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (applying the Rule 12(b)(6) motion to dismiss standard to dismissals under 28 U.S.C. § 1915A). The Seventh Circuit has "interpreted the plausibility standard to mean that 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together.'" *Engel v. Buchan*, 710 F.3d 698, 709 (7th Cir. 2013) (quoting *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010)).

### B. Analysis

Plaintiff's unopposed Motion for Leave to File a Response (Doc. 82) is granted. The Court has considered Plaintiff's filing in ruling on Defendants' Motion to Dismiss.

#### 1. Counts I and II

Plaintiff alleges Fourteenth Amendment excessive force (Count I) and deliberate indifference to a serious medical need (Count II) claims against Defendants Beck, Campbell, Grigsby, K. Meyer, S. Meyer, Ortega, Van Meter, unknown employees, the County, and the Department. Beck, Campbell, Van Meter, the County, and the Department move to dismiss the claims alleged against them in Counts I and II.

"To establish [a] § 1983 claim, [the plaintiff] must demonstrate that the individual

defendants: (1) acted under the color of state law; and (2) deprived him of a constitutional right." *Estate of Perry v. Wenzel*, 872 F.3d 439, 452 (7th Cir. 2017); *see also Aguilar v. Gaston-Camara*, 861 F.3d 626, 630 (7th Cir. 2017) ("[Section] 1983 does not establish a system of vicarious liability; a public employee's liability is premised on her own knowledge and actions, and therefore requires evidence that each defendant, through her own actions, violated the Constitution.").

Plaintiff's suit proceeds against Defendants Jail Superintendent Beck and Sheriff Campbell in their official capacities only and Defendant County Chairman Van Meter in his individual and official capacities. However, identifying an officer in his official capacity is the same as suing an entity. *See Monell v. Dept. of Social Serv. of New York*, 436 U.S. 658, 690 n. 55 (1978) (holding that government officials sued in their official capacities are "persons" under § 1983 in those cases in which … a local government would be suable in its own name"); *see also Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (holding that Federal claims against "state and county officials in their official capacities . . . are the equivalent of claims against the state and county").

Defendant Campbell occupies a unique position under Illinois law as the elected Sheriff. "[T]he lack of identity between the county sheriff's department and the general county government indicates that § 1983 suits against sheriffs in their official capacities are in reality suits against the county sheriff's department rather than the county board." *Franklin v. Zaruba*, 150 F.3d 682, 686 (7th Cir. 1998). "According to Illinois law, the Sheriff

is an independently-elected constitutional officer." *DeGenova v. Sheriff of DuPage Cty.*, 209 F.3d 973, 976 n.2 (7th Cir. 2000); *see also Askew v. Sheriff of Cook Cty.*, 568 F.3d 632, 636 (7th Cir. 2009) ("Illinois law establishes that the Sheriff is an 'independently elected county officer and is not an employee of the county in which the sheriff serves.'") (quoting *Carver v. Sheriff of LaSalle County*, 787 N.E.2d 127, 136 (Ill. 2003)). "Therefore, the Sheriff's office has a legal existence separate from the county and the State and is thus a suable entity." *DeGenova*, 209 F.3d at 976 n.2; *see also Ruffino v. Sheahan*, 218 F.3d 697, 700 (7th Cir. 2000) ("In Illinois, the office of the Sheriff as an institutional matter is also ordinarily a suable entity under § 1983.").

Thus, by filing suit against Defendants Beck, Campbell, and Van Meter in their official capacities, Plaintiff is alleging that the Department and County, entities that Plaintiff also name separately, violated Jaimeson's Fourteenth Amendment rights by applying excessive force and denying Jaimeson prompt medical care, which does not state a plausible § 1983 claim. *See Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014) ("Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law."). To the extent Plaintiff alleges excessive force and deliberate indifference claims against Van Meter in his individual capacity, he fails to provide any facts that establish or permit the Court to infer Van Meter was present and participated in the alleged constitutional violations. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) ("For a defendant to be liable under section 1983, she

must be personally responsible for the alleged deprivation of the plaintiff's constitutional rights.") Therefore, Defendants' Motion to Dismiss Counts I and II against Beck, Campbell, Van Meter, the County, and the Department is granted.

### 2. Counts III and IV

Plaintiff reiterates his excessive force (Count III) and deliberate indifference to a serious medical need (Count IV) claims against Defendants Beck, Campbell, Van Meter, the Department, and the County under a *Monell* theory of liability. Defendants Beck and Van Meter move to dismiss Plaintiff's official capacity *Monell* claim. The County and the Department also request dismissal of Counts III and IV.

"[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691. Instead, municipal liability exists only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id*. at 694; *see also Hahn v. Walsh*, 762 F.3d 617, 638-39 (7th Cir. 2014) ("*Monell* permits suits against municipal entities under § 1983, but only when a governmental policy or custom caused the constitutional deprivation; municipal entities cannot be liable for their employees' actions under a *respondeat superior* theory.").

Plaintiff's official capacity claims against Defendants Beck, Van Meter, and the Department are dismissed as redundant because Plaintiff also alleges a *Monell* claim

against Defendant Campbell in his official capacity. *See Smith v. Sangamon Cnty. Sheriff's Dept.*, 2008 WL 2477683, at *2 (C.D. Ill. 2008) ("[I]n any claim in which the Sangamon County Sheriff's Department also is named as a defendant, claims against the other Defendants in their official capacities are redundant and should be dismissed.") (citing *Robinson v. Sappington*, 351 F.3d 317, 340 (7th Cir.2003); *see also Miranda v. County of Lake*, 900 F.3d 335, 344 (7th Cir. 2018) (holding that "an Illinois sheriff . . . has final policymaking authority over jail operations … [and] is thus a proper party for a claim under *Monell* …, targeted at policies and customs that deprive inmates of their federal rights.").

Plaintiff's *Monell* claims against the County also fail to state a plausible claim for relief. "Although Illinois sheriffs may be agents of their county, they are not subject to their county's control." *Martinez v. Hain*, No. 16-cv-2237, 2016 WL 7212501, at *4 (N.D. Ill. Dec. 13, 2016) (citing *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) ("Cook County itself has no authority to train the employees involved or to set the policies under which [the sheriff's employees] operate."); *Moy v. County of Cook*, 640 N.E.2d 926, 929 (Ill. 1994) ("The county is given no authority to control the office of the sheriff.")). "Accordingly, courts routinely dismiss *Monell* claims against counties predicated on alleged misconduct by the sheriff's office." *Martinez*, No. 16-cv-2237, 2016 WL 7212501, at *4 (collecting cases).

Defendant Campbell asserts that the *Monell* claims alleged against him (i.e., the Department) in Counts III and IV should also be dismissed for failure to state a plausible claim for relief.

In *Dean v. Wexford Health Sources, Inc.*, the Seventh Circuit stated the elements of a *Monell* claim as follows:

> [A] § 1983 plaintiff must always show that he was deprived of a federal right. Beyond that, the plaintiff must trace the deprivation to some municipal action (i.e., a policy or custom), such that the challenged conduct is properly attributable to the municipality itself. There are at least three types of municipal action that may give rise to municipal liability under § 1983: (1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority. Inaction, too, can give rise to liability in some instances if it reflects a conscious decision not to take action. Next, the plaintiff must show that the policy or custom demonstrates municipal fault, i.e., deliberate indifference. This is a high bar. If a municipality's action is not facially unconstitutional, the plaintiff must prove that it was obvious that the municipality's action would lead to constitutional violations and that the municipality consciously disregarded those consequences. Finally, the plaintiff must show that the municipal action was the moving force behind the federal-rights violation. This rigorous causation standard requires a direct causal link between the challenged municipal action and the violation of the plaintiff's constitutional rights.

18 F.4th 214, 235 (7th Cir. 2021) (internal quotation marks and citations omitted).

Regarding the three possible acts that may state a *Monell* claim under § 1983, Plaintiff does not allege a specific policy caused the alleged violations. *See Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) ("The express policy theory applies, as the name

suggests, where a policy explicitly violates a constitutional right when enforced."). Instead, Plaintiff alleges "policies, practices, customs[,] and usages" that permitted and encouraged unconstitutional acts by Jail officials, which "were widespread and the moving force behind [Jaimeson's] injuries." (Doc. 62 at 13-14:88, 90; 15-16: 95, 97.)

Defendant Campbell contends that Plaintiff's "boilerplate language claiming … a policy or custom was the moving force behind the alleged constitutional violations" is conclusory. (Doc. 73 at 8.) Campbell also notes that Plaintiff's allegations are confined to Jaimeson's death and do not allege that Campbell was aware of ongoing or recurring violations. (*Id*.) Plaintiff responds that Campbell knew of "numerous other prior instances of pretrial detainees dying from excessive force by corrections officers and/or deliberate indifference." (82-1 at 6.)

"At the pleading stage, … a plaintiff pursuing [a *de facto* custom] theory must allege facts that permit the reasonable inference that the practice is so widespread so as to constitute a governmental custom." *Gill v. City of Milwaukee*, 850 F.3d 335, 344 (7th Cir. 2017)); *see also Chatham v. Davis*, 839 F.3d 679, 685 (7th Cir. 2016) ("*Monell* claims based on allegations of an unconstitutional municipal practice or custom—as distinct from an official policy—normally require evidence that the identified practice or custom caused multiple injuries."); *Sinn v. Lemmon*, 911 F.3d 412, 423 (7th Cir. 2018) ("[A]n inmate cannot show a 'widespread practice of an unconstitutional nature,' such as a custom of ignoring

prison policy, by pointing to 'isolated incidents of inmate-on-inmate brutality.'") (quoting *Palmer v. Marion County*, 327 F.3d 588, 597 (7th Cir. 2003)).

Despite Plaintiff's assertion of numerous other deaths caused by excessive force and deliberate indifference to serious medical needs, his Second Amended Complaint does not provide any details to reasonably infer a widespread custom of unconstitutional acts or omissions that Defendant Campbell permitted. Therefore, Counts III and IV are dismissed.

### 3. Counts VI and VII

Plaintiff alleges that Defendants Beck, Campbell, Van Meter, the County, and the Department were negligent in hiring and retention (Count VI) and supervision and training (Count VII) under 42 U.S.C. § 1983.

"Section 1983 provides a claim against a person acting under color of law who deprives another of a federal right. 42 U.S.C. § 1983. However, "negligence, even gross negligence, does not violate the Constitution." *McGowan v. Hulick*, 612 F.3d 636, 640 (7th Cir. 2010). "[T]he Eighth Amendment is violated by acts or omissions that exhibit deliberate indifference; mere negligence is insufficient. *Aguilar v. Gaston-Camara*, 861 F.3d 626, 633 (7th Cir. 2017). Similarly, negligent conduct by a state official does not implicate the Due Process Clause." *Id*. *see also Pierson v. Hartley*, 391 F.3d 898, 902 (7th Cir. 2004) ("Negligence on the part of an official does not violate the Constitution, and it is not enough that he or she should have known of a risk."). Therefore, the Court dismisses

Counts VI and VII.

### 4. Counts VII, IX, X, XI, XIII, XIV, and XV

Defendants seek to dismiss Plaintiff's state claims for the use of excessive/deadly force (Count VIII), failure to intervene (Count IX), negligent hiring and retention (Count X), negligent supervision and training (Count XI), and institutional negligence (Counts XIII and XIV), and wrongful death (Count XV). Specifically, Defendants claim that Counts VIII, IX, XIII, and XIV do not inform them of the legal theory being pursued. However, Plaintiff is not required to plead the "legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014) (reversing dismissal of a complaint for failing to cite § 1983); *see also Miranda*, 900 F.3d at 345 (stating that plaintiff's "fail[ure] to mention section 1983 when raising [its] claim" does not alone support dismissal because "'complaints need not plead legal theories'" (quoting *Jogi v. Voges*, 480 F.3d 822, 826 (7th Cir. 2007))). Therefore, Defendants' Motion to Dismiss Counts VIII, IX, XIII, and XIV is denied.

Defendants also allege that they are entitled to dismissal of Plaintiff's claim under the Wrongful Death Act (Count XV) Act because his allegations are insufficient to state a claim. "Under the Illinois Wrongful Death Act, 740 ILCS 180/1, a plaintiff must establish that the: '(1) defendant owed a duty to decedent; (2) defendant breached that duty; (3) the breach of duty proximately caused decedent's death; and pecuniary damages arising therefrom to persons designated under the Act.'" *Thompson v. City of Chicago*, 472 F.3d

444, 457 (7th Cir. 2006) (quoting *Leavitt v. Farwell Tower Ltd. P'ship*, 625 N.E.2d 48, 52 (Ill. App. Ct. 1993)).

"[A] claim is 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" *Florek v. Village of Mundelein*, 649 F.3d 594, 599 (7th Cir. 2011) (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir. 1943) (Swan, J.)) (citing *Liberty Mutual Ins. Co. v. Wetzel*, 424 U.S. 737, 743 & n.4 (1976) (intimating that a claim is a single legal theory "applied to only one set of facts" but not "attempt[ing] any definitive resolution of the meaning of what constitutes a claim for relief within the meaning of the [Federal] Rules"); *Baltimore S.S. Co. v. Phillips*, 274 U.S. 316, 321 (1927) ("A cause of action does not consist of facts, but of the unlawful violation of a right which the facts show.")).

Plaintiff's allegations in Count XV are summarized as follows: "Each … Defendant[], either individually and/or through their employees and/or agents, breached the appropriate standards of care and were negligent in causing [Jaimeson's] death." (Doc. 62 at 28:176.) Plaintiff alleges further that because of one or more acts or omissions, Jaimeson's sustained injuries caused his death. (*Id.* at 28:177.) Plaintiff's contention that Defendants' acts or omissions negligently caused Jaimeson's death is conclusory and, thus, not entitled to the presumption of truth. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) ("In reviewing the sufficiency of a complaint under the plausibility standard announced in *Twombly* and *Iqbal*, [courts] accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations

merely reciting the elements of the claim are not entitled to this presumption of truth."). Therefore, Count XV is dismissed.

Defendants next contend that they are entitled to absolute immunity under the Illinois Tort Immunity Act for Counts X, XI, XIII, and XIV. Although a court may dismiss a case before discovery based on an affirmative defense, it is typically done through a Rule 12(c) Motion for Judgment on the Pleadings. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 & n.1 (7th Cir. 2012) ("Though district courts have granted Rule 12(b)(6) motions on the basis of affirmative defenses and this court has affirmed those dismissals, we have repeatedly cautioned that the proper heading for such motions is Rule 12(c), since an affirmative defense is external to the complaint."); *see also Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) ("We have held many times that, because complaints need not anticipate defenses, Rule 12(b)(6) is not designed for motions under Rule 8(c)(1). . . . A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings under Rule 12(c)."). Accordingly, Defendants' Motion to Dismiss Counts X, XI, XIII, and XIV is denied.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File a Response (Doc. 82) is GRANTED.**

2) **Defendants' Motion to Dismiss (Doc. 73) is GRANTED in part and DENIED in part for the reasons stated. Specifically, Counts I and II against Defendants Beck, Campbell, Van Meter, the County, and the Department, as well as Counts III, IV,**

**VI, VII, and XV, are DISMISSED. Defendants' Motion to Dismiss Counts VIII, IX, X, XI, XIII, and XIV is DENIED.**

3) **The deadline for amended pleadings and joinder of parties is EXTENDED for sixty days from the entry of the Court's Order.**

Entered August 31, 2023.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
